Rupert M. COLMORE, III, also known as Rupert M. Colmore; Eunice R. Colmore; Colmore Management Company LLC; Colmore Properties LP, also known as Colmore Properties Limited Partnership, Defendants,

v.

ROYAL INDEMNITY CO., Successor to Royal Insurance Company of America, Plaintiff–third–party–plaintiff—Appellee,

v.

State Farm Fire and Casualty Company, Third–party–defendant–Appellant.

v.

Royal Indemnity Co., Successor to Royal Insurance Company of America, Plaintiff–third–party–plaintiff—Appellee,

v.

State Farm Fire and Casualty Company, Third–party–defendant.

Nos. 07–35954, 07–35956.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2009.

Filed April 2, 2009.

596

Martha Sheehy, Esquire, Sheehy Law Firm, Billings, MT, for Defendants.

Johnathan A. Decker, Esquire, McElroy Deutsch & Mulvaney, Denver, CO, Melinda S. Kollross, Esquire, Clausen Miller, Esquire, Clausen Miller, PC, Chicago, IL, for Plaintiff–Third–Party–Plaintiff–Appellee.

Bradley J. Luck, Esquire, Garlington Lohn & Robinson, PLLP, Missoula, MT, for Third–Party–Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent. *See* 9th Cir. R. 36–3.

Before: W. FLETCHER, GOULD and TALLMAN, Circuit Judges.

## MEMORANDUM *

The Appellants—Rupert Colmore, Eunice Colmore, Colmore Management Company LLC, and Colmore Properties LP (collectively, the "Colmores"); and State Farm Fire and Casualty Company ("State Farm")—appeal the district court's order granting summary judgment to Royal Indemnity Company ("Royal"). The Appellants challenge the district court's holdings that (1) Royal had no duty to defend the Colmores in the underlying actions, and (2) there was no need to certify issues to the Montana Supreme Court. Because the parties are familiar with the facts and procedural history of this case, we will discuss them only as necessary to explain our decision. The district court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

As to the duty to defend, the Appellants make two arguments. Their first argument is that because Royal failed to unequivocally deny coverage, it had a duty to defend the Colmores under Montana law. They also claim that the workers' compensation exclusion within the Royal policy does not bar coverage to Eunice Colmore or the Colmore Entities during the pendency of underlying claims.

Under Montana law, "an insurer's duty to defend its insured arises when an insured sets forth facts which represent a risk covered by the terms of an insurance policy." *Farmers Union Mut. Ins. Co. v. Staples*, 321 Mont. 99, 90 P.3d 381, 385

(2004). An insurance company is obligated to review the complaint to determine if the insured has a viable claim for coverage. *Id.* If an insurer unjustifiably refuses to defend a claim, it "becomes liable for defense costs and judgments." *Id.* Further, all disputed facts are resolved in favor of coverage, triggering a duty to defend even if the disputed facts will ultimately be determined in the insurer's favor. *Id.* at 386. Hence, this duty to defend is both independent of, and broader than, the insurer's duty to indemnify. *Id.* at 385.

However, Montana law states that this duty to defend applies only if there are factual disputes which could be resolved in favor of coverage. In *Travelers Casualty and Surety Co. v. Ribi Immunochem Research, Inc.*, 326 Mont. 174, 108 P.3d 469 (2005), the Montana Supreme Court held that "insurers who accurately interpret their policies and give the insured timely notice of refusal need not provide a defense merely because a court has yet to interpret that particular policy language." *Id.* at 479 (citing *Makarka v. Great Am. Ins. Co.*, 14 P.3d 964, 970 (Alaska 2000)); *see also Staples*, 90 P.3d at 386. As of September 22, 2005, there remained no disputed issue of fact regarding whether the Royal policy applied to the Colmores' underlying suit. *Colmore v. Uninsured Employers' Fund*, 328 Mont. 441, 121 P.3d 1007, 1012 (2005). On that date, the Montana Supreme Court held that Rupert Colmore was required to provide workers' compensation insurance to his employee, Douglas Forgey. While this created an issue of law as to whether the workers' compensation exclusion provision in Royal's policy was triggered, it resolved all factual issues remaining with regard to policy coverage. Because the only remaining question was a question of law, as opposed to a question of fact, under Montana law Royal unequivocally denied its duty to defend.

■ Additionally, since Royal unequivocally denied its duty to defend, the district court properly consulted the Royal policy to determine if it provided coverage for the Colmores. Royal's policy provides excess coverage if (1) the policy applies to the specific "occurrence" in question, *and* (2) the insured's primary policy either does not apply or its limits have been exhausted. Because we believe the district court properly found that the workers' compensation exclusion contained in Royal's policy relieved it of covering this "occurrence," we need not reach the issue of whether the policy limits were exhausted. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896 (9th Cir.2008) (noting that "[w]e . . . may affirm on any ground supported by the record").

■ The Appellants claim that even if the workers' compensation exclusion applies to Rupert Colmore, it is inapplicable as to Eunice Colmore and the Colmore Entities. They point to the severability clause within Royal's policy and, relying on *Swank Enterprises, Inc. v. All Purpose Services, Ltd.*, 336 Mont. 197, 154 P.3d 52 (2007), they claim that the workers' compensation exclusion should apply separately to each insured. However, this case is factually distinguishable from *Swank*. Here, the workers' compensation exclusion is triggered by the type of injury suffered by the claimant, not by the insured, and if the injury suffered is exempted under the workers' compensation exclusion, no "covered person" may claim coverage. Eunice Colmore and the Colmore Entities are defined as "covered persons" within the Royal policy. Therefore, we hold that the district court did not err in its determination that Royal did not breach its duty to

defend with regard to Eunice Colmore or the Colmore Entities.

■ Finally, the district court did not abuse its discretion by not certifying issues to the Montana Supreme Court. State Farm and the Colmores contend that the district court, after issuing its dispositive order, erred when it declined to certify five issues to the Montana Supreme Court. These five questions request that the state court rule on whether an insurer's workers' compensation exclusion, coupled with a severability clause, allows an insurer to preclude coverage to some or all insureds.

Federal courts may certify issues to the Montana Supreme Court if (1) "[t]he answer may be determinative of an issue in pending litigation in the certifying court," and (2) "[t]here is no controlling appellate decision, constitutional provision, or statute [in the state of Montana]." Mont. R.App. P. 15(3). If the district court has already made a dispositive ruling on the issue, the party requesting certification must not only meet the two requirements set forth by Montana's appellate rules, but also establish compelling reasons for certification. *Commonwealth Utils. Corp. v. Goltens Trading & Eng'g PTE, Ltd.*, 313 F.3d 541, 548 (9th Cir.2002).

When the Colmores and State Farm requested certification, the district court had already ruled as to the impact of the severability clause on the workers' compensation exclusion. Because the district court properly relied on Montana case law in making its initial determination, and because the Colmores and State Farm failed to demonstrate compelling reasons for certification, the district court did not abuse its discretion by denying the motion to certify.

The judgment of the district court is affirmed and each party shall bear its own costs.

**AFFIRMED.**